WILLIAM G. FARGO, President of the American Merchants Union Express Company, *vs.* JAMES H. McVICKER.

Where an action is brought, in this court, against a citizen of another state, by the president of a joint stock association, in his own name, as such president, (he being a citizen of this State,) under the act of April 7, 1849, authorizing joint stock companies or associations to sue and be sued in the name of their president or treasurer, the case should be governed by the same principles of law which determine the question of citizenship in the case of *corporations* authorized by the laws of a state; and is removable into the Circuit Court of the United States, on motion.

The rule in respect to corporations is that established by the Supreme Court of the United States, viz., that a corporation is not itself a citizen, but for all purposes of the jurisdiction of the federal courts, the stockholders who compose the corporate body, by and under the name given them by the statutes of a state, are to be treated as citizens of that state; and they are estopped from denying that they are such.

The question of jurisdiction, in case of removal, must be decided by the Circuit Court itself. If it refuses to entertain jurisdiction, then the order for removal will be vacated, and the case will proceed in the Supreme Court.

Whether an appeal lies from the special to the general term, when the former, after making an order for removal, accepts the security tendered, and the other formal requisites pointed out in the acts of congress are complied with by the applicant for the removal, and the only question is whether the United States Court can entertain jurisdiction of the cause? *Quære.*

APPEAL from an order made at a special term, directing the removal of this action into the Circuit Court of the United States.

The action was commenced in this court by William G. Fargo, as president of the American Merchants Union Express Company, against James H. McVicker, a citizen of the State of Illinois. The company is a joint stock association; and the action was brought under the provisions of the act of the legislature, of April 7, 1849, "in relation to suits by and against joint stock companies and associations," by which it is enacted that "any joint stock company or association may sue or be sued in the name of the president or treasurer," &c. (*Laws of* 1849, *chap.* 258; 3 *R. S. 5th ed.* 777.)

---
Fargo *v.* McVicker.
---

The defendant applied to the court at a special term, for the removal of the action into the Circuit Court of the United States, under the acts of congress of 1789, and March, 1867.   The application was opposed, upon an affidavit showing that certain stockholders in the company were citizens of other states than the State of New York. The special term granted the application to remove, and the plaintiff appealed

*Bowen & Rogers*, for the appellant.

*C. A. Seward* and *Geo. B. Hibbard*, for the respondent.

*By the Court*, LAMONT, J.   Two questions are made, in this case.   The plaintiff claims that this action is not removable from the State court into the Circuit Court of the United States, under the act of congress of 1789, or the act of 1867.   The defendant, on the contrary, insists that the cause is removable, and that the order of the special term of this court, staying the plaintiff's proceedings and sending the case to the said Circuit Court, is not an appealable order.

It is not disputed that all the formalities necessary to the removal have been complied with by the defendant, if the case is one that falls within the provisions of either of the acts of congress referred to.   The defendant is a citizen of the State of Illinois.

· If the plaintiff is a citizen of the State of New York, or if the stockholders composing the American Merchants Union Express Company are to be regarded as the real plaintiffs, and they are either in fact or by construction of law citizens of the State of New York, then the order for the removal of the cause was properly made.

William G. Fargo is himself a citizen of the State of New York.   If the suit be his, the action is removable.

If the company, or the shareholders who compose it, be

Fargo *v.* McVicker.

the real plaintiffs, by the authorized and legal style and title assumed in the complaint, then the question arises, whether those individuals represented by such title in this action by virtue of the statutes of this State, are, for the purposes of the jurisdiction of the federal courts, to be treated as citizens of the State of New York. This question arises under the constitution and the laws of the United States; and for its true and final determination we look to the authoritative arbiter of all such questions—the Supreme Court of the United States. That court holds that a corporation is not itself a citizen, but that for all purposes of the jurisdiction of the federal courts, the stockholders who compose the corporate body, by and under the name given them by the statutes of a state, are to be treated as citizens of that state; and that they are estopped from denying that they are citizens of the state whose laws, alone, empowered them to appear in the courts of justice by the name of their legal christening under the state laws. Neither in the constitution of the United States nor in the acts of congress referred to, is the word corporation, or any other word of similar import, employed in connection with the subject under consideration. The term used is citizen—" controversies between *citizens* of different states." (*Const. U. S. art.* 3, § 2.) "If a suit be commenced in any state court, by a *citizen* of the state in which the suit is brought, against a *citizen* of another state," &c. (*Act of* 1789, 1 *Stat. at L.* 79; *Act of* 1867, 14 *Stat. at L.* 559.) The same reason that applies to a corporate body applies with equal force to an associate body; and the reason is, that the persons composing each, though multitudinous in number, and scattered by habitation over many states, are aggregated by the state laws, under which they appear by a fictitious name or designation. They are legalized for litigious purposes into one artificial body, by which they are endowed with the new faculty of suing and

Fargo v. McVicker.

being sued by the name and style conferred upon them by a state law.

In the present case, the shareholders, consisting of several thousand persons, citizens of, and residents in, various states, including both the States of New York and of Illinois, are embodied, for the purpose of suing and being sued, into a new, legal personality by the name used in this action; and this new faculty of acting and appearing in the courts is given by the laws of the State of New York. (*Laws of* 1849, *chap.* 258.)

As to being sued or bringing suits by the fictitious name conferred by the State statute, they stand in the same predicament as if they were in all respects a perfect corporation created by such State law. It is the State law itself that gives this multitude of shareholders legal capacity to go into court, whether as plaintiffs or defendants, by a name furnished for that purpose under the State law. In this respect they are the same as a corporate body—whether they be a corporate body, an associate body, a joint stock company or association, by whatever designation they may be known. The reason why they are treated, for the purposes of federal jurisdiction, as citizens of the state whose laws they have invoked to enable them to be and appear by one name and style in tribunals of justice, applies aptly to every aggregation of persons invested by state law with this faculty of suing and being sued by the new name, which, under such statutory provisions, represents the entire body of shareholders. In this particular, as party litigant, a corporation and an associate body are identical. The reasoning that applies to one, applies to the other; and that reasoning will be seen at large in *Marshall* v. *The Baltimore and Ohio Railroad Co.*, (16 *How. U. S. Rep.* 325 to 329.) And see *Covington Draw Br. Co.* v. *Shepard et al.*, (20 *id.* 233.)

In the case first cited, the grounds for the construction of the federal constitution and laws are given with great

force. (16 *How. U. S. Rep.* 326.) Justice Grier, delivering the opinion of the court, says: "Now if this be a right or privilege guarantied by the constitution to citizens of one state, in their controversies with citizens of another, it is plain that it cannot be taken away from the plaintiff by any legislation of the state in which the defendant resides. If A., B. and C., with other dormant or secret partners, be empowered to act by their representatives, to sue or to be sued in a *collective* or corporate name, their enjoyment of these privileges granted by state authority, cannot nullify this important right conferred on those who contract with them." Again, at page 327: "The necessities and conveniences of trade and business require that such numerous associates and stockholders should act by representation, and have the faculty of contracting, suing and being sued, in a fictitious or collective name. But these important faculties, conferred on them by state legislation, for their own convenience, cannot be wielded to deprive others of acknowledged rights. It is not reasonable that those who deal with such persons should be deprived of a valuable privilege by a syllogism, or rather sophism, which deals subtly with words and names, without regard to the things or persons they are used to represent. Nor is it reasonable that representatives of numerous, unknown and ever changing associates should be permitted to allege the different citizenship of one or more of these stockholders, in order to defeat the plaintiff's privilege."

It will be seen in the extracts given, and more fully in the opinion at large, that the whole force of the reasoning applies to any aggregate body of shareholders authorized by State law to sue and be sued by their collective name, or the name given them for litigious purposes, by the State law. "In courts of law," says this learned judge, "an act of incorporation and a coporate name are necessary to enable the representatives of a numerous association to

sue and be sued." And it is for this reason that reference is so often made to corporations, in this and other cases bearing upon the question.

But by the act of 1849 the representatives of a numerous association are enabled to sue and be sued without the act of incorporation or the corporate name; but by its equivalent, a legal association and a legitimate statutory name. By this name the whole collective body of shareholders are represented in the courts. The name represents them, as the corporate name represents all the corporators or stockholders, the name given in each case by the State law for that purpose.

I am of opinion that the present case should be governed by the same principles of law which determine the question of citizenship, in case of corporations authorized by the laws of a state; and that the order appealed from was properly made.

Who is to determine whether this action is removable into the Circuit Court of the United States? The Court of Appeals has held that the question of jurisdiction must be decided by the Circuit Court itself, (*Illis* v. *N. Y. and N. H. Railroad Co.*, 3 *Kern.* 597,) and has pointed out the proper practice to be pursued. If the Circuit Court refuses to entertain jurisdiction, then the order complained of will be vacated, and the case will proceed in the Supreme Court. This course of proceeding avoids all conflict between the State and federal courts, leaves the decision where it constitutionally belongs, and conforms to the views of the Court of Appeals in a similar case before them, where an appeal was dismissed.

It is a doubtful question whether an appeal lies from the special to the general term when the former accepts the security tendered, and the other formal requisites pointed out by the act of congress are complied with by the applicant for the removal, and where the formalities are fully complied with, and the only question is whether the

United States Court can entertain jurisdiction of the cause. I think the latter court should be applied to for the decision of that question. If that court entertains the suit, state courts cannot overrule the decision; but if the Circuit Court declines the jurisdiction, then a motion can be made to vacate the order, instead of appealing from it.

My brethern are of opinion the order appealed from should be affirmed, and it is affirmed, with $10 costs.

[ERIE GENERAL TERM, November 15, 1869. *Marvin, Barker* and *Lamont,* Justices.]