Sanford, J.
The conclusions at which I have arrived, after a careful examination of the papers submitted, are:
(1.) That William B. Dinsmore is the only “party ” defendant in this action, notwithstanding that he is sued in his representative capacity as president of an association consisting of numerous individuals (Woods v. De Figaniere, 1 Robt. 607).
(2.) That, as such party, he maybe examined, and his deposition may be taken at the instance of the plaintiff, an adverse party, at any time before the trial, as prescribed in article first, of title III, of chapter IX,' of the Code of Civil Procedure, sections 870, et seq.
(3.) That under the provisions of that article, his examination is a matter of right, upon which the plaintiff may insist, irrespective of the restrictions and conditions under or upon which similar examinations were allowed and conducted before the Code of Civil Procedure was enacted.
(4.) That his answers to certain questions, which may properly be addressed to him, may tend to criminate him, is no justification for refusing to be sworn. When questions of such a character are addressed to him, he may or may not avail himself of the personal *245 privilege, wMch the law, in such case, accords to him.
(5.) That a party, whose examination before trial, at the instance of an adverse party, is ordered, may be required to produce, upon such examination, any book or paper in his possession, or under his control, containing evidence pertinent or material, and such requirement may be made either by the order of a court or judge (Code, § 853), or by á subpoena duces tecum (People v. Dyckman, 24 How. Pr. 222, 225; Smith v. MacDonald, 1 Abb. New Cas. 350). The production of books and papers, either under order or subpoena does not entitle the adverse party to a “ discovery ” of their contents, nor can he inspect or examine them, or conduct the examination of the party whose deposition is to be taken, with respect to them, otherwise than in accordance with the established rules and practice applicable to similar examinations of a party or witness at the trial. If a discovery or inspection be desired, it may be compelled in a proper case by a different proceeding, specially directed to that end.
I am of opinion that much of the confusion and conflict of decision in regard to discovery and the examination of parties before trial has resulted from the failure to discriminate properly between these two proceedings, which are entirely different and distinct, and both of which may be pursued in the same action, either concurrently or at different stages of the litigation (Smith v. MacDonald, supra).
(6.) I am of opinion that neither the Adams Express Company by its officers, nor its individual members, other than such one or more of them as are or may be made parties to the record, can be examined, as parties before trial, under section 870. The plaintiff was not obliged to avail himself of the privilege accorded to him by the statute of 1849 (L. 1849, ch. 258), of suing the association in the name of its presi *246 dent. He might have proceeded at his option, in the first instance, against the persons constituting such association, by making them parties to the record, in which case each and all of them would have been liable to examination. I do not think they can be considered “ parties” in such sense as to give to the court jurisdiction over them personally, for the purpose of compelling their attendance to be examined as such. The association is not a corporation and cannot be examined in this suit as a party by its officers, or otherwise than through the particular individual who, by virtue of the statute and for the purposes of the action represents it, as the party of record. Its officers, other than such individual, can only be examined as witnesses in the same manner as if they sustained no official relation to it.
These views dispose substantially of all the questions presented by the motion.
The plaintiff is entitled to an order for the examination of the defendant William B. Din sm ore, and the production by him of the books and papers specified in the moving affidavit, may be required in and by the order directing him to appear and be examined.
As respects the other individuals whose examination is sought to be had, the motion must be denied.
No costs of the motion should be allowed to either party.