SAMUEL B. DICK AND ANOTHER, RESPONDENTS, *v.* CHARLES PHILLIPS, APPELLANT.

*Practice — an order requiring a party to produce books and papers for inspection must be based upon a petition— a peremptory order cannot be granted in the first instance — Code of Civil Procedure, secs.* 803–809.

Under the present Code of Civil Procedure a party cannot be compelled to produce his books and papers, for the examination and inspection of his adversary before trial, except in the mode pointed out in article 4 of chapter 8 of the Code.

The proceeding must be by a verified petition praying for the discovery or inspection sought, and the only order that can be made in the first instance is one directing the party against whom the discovery or inspection is asked to allow it, or in default thereof to show cause why it should not be done.

A peremptory order compelling the production of books or papers for examination and inspection cannot be granted *ex parte.* The statute intended to secure to the party proceeded against an opportunity to show cause against the granting of the application, and an order that deprives him of that right cannot be upheld.

APPEAL from an order of the Erie Special Term, refusing to vacate an order made by the Allegany county judge, directing the defendant to be examined, as an adverse party before trial, and to produce certain books and papers for examination and inspection.

*Charles H. Brown,* for the appellant.

*Hamilton Ward,* for the respondents.

SMITH, P. J.:

The order of the county judge, so far as it directs the defendant to be examined, appears to be regular, and the Special Term properly refused to interfere with it. But that portion of it which directs the production of books and papers for examination and inspection is of questionable propriety.

We are of the opinion that, under the present Code, a party cannot be compelled to produce his books and papers for the examination and inspection of his adversary, before trial, except in the mode pointed out in article 4, chapter 8 of the Code. The proceeding must be by a verified petition, praying for the discovery or inspection sought, and the only order that can be made in the first instance is one directing the party against whom the discovery or inspection is asked to allow it, or, in default thereof, to show cause why it should not be done. In other words, a peremptory order, compelling a production of books and papers for examination and inspection, cannot be granted *ex parte*. The statute is intended to secure to the party proceeded against an opportunity to show cause against the granting of the application, and an order that deprives him of that right cannot be upheld.

The respondents' counsel refers to section 853 and subdivision 7 of section 872, as authorizing the order. We do not think they have that effect. Section 853 subjects to punishment for contempt a person who fails, without reasonable excuse, to obey an order, duly made and served, requiring him to attend and be examined, or so to attend, and bring with him a book or paper. Subdivision 7 of section 872 provides, that where the party sought to be examined is a corporation, the affidavit on which the proceeding is based shall state the names of the officers whose testimony is sought, or the books and papers as to which an examination or inspection is desired, and the order to be made in respect thereto shall direct the examination of such persons and the production of such books and papers. Neither of these provisions contemplates an order for a discovery, or, what is its equivalent, an examination and inspection of books and papers. The distinction between an order for a discovery of the contents of books and papers, by submitting them for examination and inspection, and one for their production merely, is pointed out in *McGuffin v. Dinsmore* (4 Abb. N. C., 241), cited by the respondents' counsel. See, also, *Smith v. MacDonald* (1 id., 350).

That part of the order which requires the production of books and papers for examination and inspection should be reversed. In all other respects the order is affirmed, without costs of this appeal to either party.

BARKER, HAIGHT and BRADLEY, JJ., concurred.

So ordered.