FRANCIS B. WALLACE et al., Respondents, *v.* ROBERT H. BERDELL et al., Appellants.

MARGARET C. WALLACE, Respondent, *v.* ROBERT H. BERDELL et al., Appellants.

After the recovery of a judgment in an action in which an attachment had been issued, and after the issuing of an execution, the judgment creditors brought an action to set aside a conveyance of real estate made by the judgment debtor and for other relief. The judgment in that action directed a sale of the real estate in satisfaction of the amount remaining unpaid on plaintiff's original judgment, which judgment was declared to be a lien superior to the claim of the grantee. and of another defendant in whose favor the judgment creditor had confessed a judgment. Sale was made in accordance with such direction and the property was bid off for the benefit of plaintiff and other judgment creditors, for a sum sufficient to satisfy plaintiff's judgments. The execution and attachment were thereupon returned satisfied and the original judgment discharged of record. The judgment in the second action was thereafter reversed on appeal and a new trial ordered ; restitution of the land sold and of the value of the rents and profits while the purchasers had possession was also ordered. Restitution was made of the land but not of the rents and profits. On motion the attachment and execution in the first action, with the returns thereto, were ordered by the Supreme Court to be taken from the files in the county clerk's office and delivered to the sheriff and the said returns and the record of satisfaction of the judgment to be canceled. On appeal, *held,* that plaintiff was entitled to the relief sought ; that so far as the judg-

ment creditor was concerned, the objection that the rents and profits had not been restored was not available, and as to the other defendants, a new trial having been ordered, plaintiff was entitled to be restored to the position held at the time of the first trial ; that the sale was not the ordinary one under an execution, *i. e.,* of the debtor's right, title and interest in the real estate, but was, under the judgment in the second action, of the real estate itself, discharged of all claims of the grantee, the judgment creditor and of the other creditors, and as that judgment was reversed and the property restored, the original attachment and execution were necessarily revived.

(Argued February 1, 1887 ; decided March 8, 1887.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made July 23, 1886, which affirmed an order of Special Term ; the nature of which, as well as the material facts are stated in the opinion. (Mem. of decision below, 41 Hun, 444.)

*Alfred Taylor* for appellants. It was error in any view to grant the order appealed from before the rents and profits were restored. (*Benson* v. *Perry*, 17 Hun, 16 ; *S. C.,* 77 N. Y. 625 ; 98 id. 480 ; 101 id. 13.) There is no warranty of any kind on sales by a sheriff, but the doctrine of *caveat emptor* applies to the fullest extent. (*Frost* v. *Yonkers Savings Bk.,* 70 N. Y. 560 ; *Kleinhenz* v. *Phelps*, 6 Hun, 568.) The plaintiffs have no better right than they would have possessed if a third party instead of themselves had been the purchaser upon the sheriff's sale. (*Driggs* v. *Simpson*, 60 N. Y. 641.) There being no warranty on the sale and no fraud or deceit or mistakes or irregularity, the satisfaction cannot be set aside. (*Mulks* v. *Allen*, 12 Wend. 253 ; *Lansing* v. *Quackenbush*, 5 Cow. 38.)

*Bacon & Merritt* for respondents. No appeal lies from this order to this court. The order does not affect a substantial right but merely decides a question of practice. The application was addressed to the discretion of the court, and the order granted is one within the power of the Supreme Court to grant, in the exercise of its undoubted control over

its own records. (*Tucker* v. *Leland*, 75 N. Y. 186 ; *Ellis* v. *Rice*, 77 id. 610 ; *Nat. S. & L. Bk.* v. *Mech. Nat. Bk.*, 89 id. 440 ; *Arthur* v. *Richards*, 91 id. 668 ; *Bk. of Genesee* v. *Spencer*, 18 id. 150.) The Supreme Court has power to order returns made by sheriffs to be amended to conform to the facts and satisfactions of judgments in proper cases to be canceled, and the judgments restored to the docket. (*Barker* v. *Binninger*, 14 N. Y. 270 ; *People* v. *Ames*, 35 id. 483 ; *James* v. *Gurley*, 48 id. 163 ; *Anderson* v. *Nicholas*, 27 N. Y. Sup. Ct. 630 ; *Flanagan* v. *Tinan*, 53 Barb. 587 ; *Burnham* v. *Brennan*, 42 N. Y. Sup. Ct. 76.) The sale of real estate having been set aside and the possession of the property restored, the attachment, judgment and execution were *pro tanto* unsatisfied and enforceable, and the regular practice required the making of the order appealed from. (*Adams* v. *Smith*, 5 Cowen, 280 ; *Richardson* v. *McDougall*, 19 Wend. 80 ; *Newland* v. *Baker*, 21 id. 263 ; *Piper* v. *Elwood*, 4 Den. 165.)

RAPALLO, J. In the first of the above entitled actions the plaintiffs, composing the firm of Wallace & Phillips, recovered a judgment against Robert H. Berdell for about $9,000, and issued execution thereon. They had also issued an attachment in that action against the property of the defendant therein.

After the issue of the execution, Wallace & Phillips instituted action No. 2 for the purpose of setting aside a conveyance of certain real estate which had been conveyed by Robert H. Berdell, the judgment debtor, to his son Charles P. Berdell, and for other relief. They succeeded in that action in the Supreme Court and obtained a judgment directing the sale of the real estate for the satisfaction of the amount remaining unpaid upon the judgment of Wallace & Phillips, and that such judgment be declared to be a lien prior to all claim of Charles P. Berdell, and of Lizzie A. Berdell in whose favor Robert H. Berdell had confessed a judgment, which was an apparent lien upon the property. The sale was made accordingly and the property was bought in by Wallace and

Murray for the benefit of the plaintiffs and other judgment creditors of Berdell, for a sum sufficient to satisfy the judgments. The purchasers entered into possession and retained such possession for several years. The execution and attachment which had been issued in action No. 1, were returned satisfied, and an entry was made on the docket of the judgment in No. 1, discharging it of record. Wallace & Phillips having both died, the action was continued in the name of the present plaintiff as executrix of Wallace, the last survivor.

On appeal to this court the judgment in action No. 2, under which the sale had been made, was reversed and a new trial ordered, and restitution was afterward ordered to be made to Charles P. Berdell, of the real estate sold, and of the value of the rents and profits during the time the purchasers had been in possession. Restitution was accordingly made of the land, but the rents and profit have not yet been restored.

The order now under review required the clerk of Orange county to take from the files in his office the attachment and execution in action No. 1, together with the returns thereto, and deliver them to the late sheriff of said county, and to cancel the record of the satisfaction of the judgment and the returns to said attachment and execution. It was granted at Special Term, and affirmed at General Term and this appeal is from such affirmance.

The principal objection made by the defendants to the order is that it was erroneous, in any view, to grant it before the rents were restored.

In so far as the order affects the judgment debtor, Robert H. Berdell, by restoring the execution and attachment against him, this objection is not available. He has no interest, as the case now stands, in the rents and profits, and cannot claim that they should be applied in satisfaction of the judgment and execution against him, inasmuch as the purchaser is liable to refund them to Charles P. Berdell, and has been ordered by the court so to do. The plaintiff cannot be bound to credit them on the execution while they are subject to the enforcement of the order of restitution.

As to the other defendants, the objection is that a new trial having been granted in action No. 2, they are entitled to insist that the execution has been satisfied, and therefore the plaintiff is not in a position to maintain a creditor's bill. That point operates rather to support the order than to overthrow it. A new trial having been ordered, the plaintiff should be restored to the same position which she held at the time of the first trial. If the judgment has been paid, the defendants are at liberty to prove that defense on the new trial, and the amount unpaid, should it become material, can be shown. Certainly Charles P. Berdell, the principal defendant, cannot insist upon the entry of satisfaction being retained on account of the rents collected, while he is pursuing the fund arising from those rents.

It is claimed that all that was sold was the right, title and interest of Robert H. Berdell in the real estate sold. That there is no warranty on a sale under execution, and that the debtor is entitled to have the proceeds applied in satisfaction of the judgment, even though the title of the purchaser fails. That would be the case in an ordinary sale under execution where the judgment remained unreversed and restitution had not been ordered. But in the present case the record which was before us on the appeal in action No. 2, showed that the sale was not on execution, but under the special decree or judgment in that case, and that it was a sale not merely of the right, title and interest of Robert H. Berdell, but of the real estate itself, free and discharged of all claim of Charles P. Berdell and the other defendants in the action. Under such a sale the purchaser would have the right to such a title as the judgment purported to authorize to be sold. The judgment by means of which satisfaction was obtained, having been reversed and the property sold under it ordered to be restored, the original attachment and execution were necessarily revived and the order appealed from was proper.

The order should be affirmed with costs.

All concur.

Order affirmed.