KEENAN *v.* O'BRIEN *et al.*

(*Supreme Court, Special Term, New York County. January 14, 1889.*)

1. WITNESS—EXAMINATION OF DEFENDANT BEFORE TRIAL—PARTNERSHIP.

Where action is brought for the dissolution of a partnership on the ground that defendants refuse plaintiff access to the books of the firm, and that they have misappropriated large sums of money belonging to the firm, and the answer denies that

the partnership was duly formed, or that it continues, and denies the other allegations of the complaint, plaintiff may have an order for the examination of defendants before trial for the purpose of obtaining evidence as to the existence of the partnership, or as to the misappropriation of firm property; and in the inquiry as to such misappropriation defendants may be examined with regard to profits made by the firm.

2. SAME—EXTENT—GROUNDS OF DEFENSE.
But where defendants claim that the agreement to form a copartnership never became operative on account of certain acts or omissions of plaintiff, an order will not be made to compel defendants to disclose such grounds of defense, where the acts or omissions relied on appear in a general way from papers already filed by defendants in the case.

3. SAME—VACATION OF ORDER—GOOD FAITH.
Where the complaint states a good cause of action, and it is admitted that the contract sued on was signed by defendants, the order for the examination will not be vacated as not obtained in good faith.

4. SAME—ABSENCE OF PLAINTIFF—FUGITIVE FROM JUSTICE.
Nor will it be vacated because plaintiff is absent from the state on account of a threatened criminal prosecution.

5. SAME—PRODUCTION OF BOOKS.
In such case, while plaintiff cannot procure an inspection of defendants' books by the order of examination, he may compel defendants to produce them, so that the latter may refer to them on the examination.

At chambers.　Action by John Keenan against John O'Brien and Heman Clark.　An order was made for the examination of Clark before trial, and a motion is made by the defendants to vacate the order.

*George Bliss,* for plaintiff.　*E. T. Lovett, (Leslie W. Russell,* of counsel,) for defendant.

ANDREWS, J.　The plaintiff has obtained an order for the examination before trial of the defendant Heman Clark, and a motion is made to vacate such order.　It is alleged in the complaint that the plaintiff and defendants, on or about April 18, 1885, entered into an agreement to form a copartnership in the performance of certain contracts theretofore awarded to the defendants for the construction of certain portions of the new Croton aqueduct; that by the terms of the partnership agreement the defendants transferred to the plaintiff a one-sixth part of said contracts and a one-sixth part of any profits realized by the defendants thereunder; that by the terms of the agreement, whenever there should be any money on hand over and above the amount required for the work, such money should be divided on the 15th day of each month, and one-sixth of such money should be paid over to the plaintiff; that a true statement of the amount of receipts and expenditures should be made thereafter, and furnished to the plaintiff whenever required; that said copartnership was entered upon, and has ever since continued to be carried on, by the plaintiff and defendants in pursuance of or under said agreement; that said copartnership has made large gains and profits, whereof plaintiff is entitled to one-sixth; that the defendants at all times have had, and now have, exclusive possession of the partnership books, and have not allowed the plaintiff access thereto; that the defendants have refused to furnish to the plaintiff a true statement of the receipts and expenditures of such copartnership, although the same has been duly requested, and have neglected and refused to divide any money on hand, over and above the amount required for the work, and to pay the plaintiff one-sixth thereof; that the defendants have applied to their own use certain sums of money of said copartnership, amounting to over $350,000; that the defendants have neglected and refused to come to a full and fair account with respect to said copartnership business.　Wherefore the plaintiff demands judgment that the copartnership may be dissolved, and an account taken of all the copartnership dealings, and of the moneys received and paid by the plaintiff and defendants, respectively, in relation thereto; that the property of the firm be sold, and, after payment of the copartnership debts, the surplus be divided between the plaintiff and defendants according to their respective interests, and that in the mean time the

defendants be restrained from collecting, receiving, or in any manner interfering with or disposing of the copartnership debts or moneys, or other property, and that a receiver of the partnership moneys, property, and effects may be appointed. Although not expressly so stated in the complaint, it appears that the action is brought upon a written agreement of which a copy marked "Schedule A" is attached to the order made herein on December 27, 1888, requiring the plaintiff to show cause why said order for the examination of Clark should not be vacated. The answer has not been submitted upon this motion, but it appears by the affidavits upon which the order for the examination of Clark was made that it denies that the plaintiff and defendants duly formed a partnership; that the partnership continues; that it has made large gains; that plaintiff is entitled to a one-sixth interest; that defendants have had and have the exclusive possession of the partnership books, and have not allowed the plaintiff access thereto; and that defendants have applied to their own use large sums belonging to the partnership. It is also stated in the said affidavit that the denials of the answer are in such form as to permit the defense that the relation between the parties was not one of partnership, but one of joint interest.

For the purposes of this motion it is not necessary to decide whether the said written agreement entered into on April 18, 1885, was an agreement to form a partnership, or to do certain business jointly, and I express no opinion upon that point. As the defendants deny that a partnership was "duly" formed between defendants and plaintiff, it will be necessary for the plaintiff to prove upon the trial the formation of such partnership, or of an agreement for doing business jointly; and he has a right to examine the defendant Clark for the purpose of obtaining evidence on that point. The plaintiff claims that he is entitled to have the partnership dissolved, or the joint business terminated, because the defendants have done certain things, namely: *First,* that the defendants had and have exclusive possession of the books of the business, and have not allowed the plaintiff access thereto; *second,* that the defendants have applied to their own use large sums belonging to the partnership: *third,* that the defendants have misappropriated large sums of money belonging to the partnership. As the plaintiff seeks to have the partnership dissolved, or the joint business terminated, because, as he claims, the defendants have done the several things above enumerated, it necessarily follows that it will be a part of his case to prove, or to endeavor to prove, that the defendants have actually done these various things, before the defendants are called upon to put in any evidence. Moreover, it is evident that unless the plaintiff can prove this part of his case by the defendants and their books it will be difficult to prove it at all. Under these circumstances it seems to me very clear that the plaintiff has the right to examine the defendant Clark before trial in relation to the several matters above mentioned. If, when the case comes on for trial, the plaintiff for any reason cannot secure the presence of the defendants, or the production of their books, in court, and has not obtained their testimony, in connection with the entry in the books, in advance, he would probably fail in his action; for the plaintiff must not only prove the partnership or agreement to do business jointly, but also that the defendants have been guilty of such conduct as entitles him to have the partnership dissolved, or the joint business terminated, before the defendants can be called upon to put in any testimony whatever. I think the plaintiff is also entitled to examine the defendant Clark to see whether there have been any profits upon the performance of the work, because that is necessarily and legitimately involved in the inquiry as to whether the defendants have applied to their own use, or misappropriated, any of the moneys of the partnership upon the claim that they were profits.

It is stated in the affidavit upon which the order for the examination of Clark was made that the plaintiff believes that defendants claim that the agreement executed between the parties did not create a copartnership, and

that, whatever relation it created between them, whether of partnership or otherwise, either never became operative, or ceased to exist through some act or omission of the plaintiff; and that it is material and necessary for the plaintiff to know upon what acts or omissions of the plaintiff defendants rely, as he is aware of no act or omission on his part which could have that effect; and that the plaintiff desires and expects to prove by Clark the acts and omissions, if any, on which defendants rely to show that the agreement between plaintiff and defendants never became operative, or ceased to be binding. The acts or omissions of the plaintiff upon which the defendants rely to establish that the agreement between plaintiff and defendants never became operative or ceased to exist, are purely matters of defense; and under the decisions of the courts as they stood prior to the case of *Herbage* v. *City of Utica*, 109 N. Y. 81, 16 N. E. Rep. 62, it is clear that the plaintiff would have no right to examine either of the defendants for the purpose of finding out what facts they rely upon for their defense. The terms of the decision in that case are very broad and sweeping, but I have nevertheless some doubts whether the court of appeals really intended to go so far as to hold that a plaintiff can examine a defendant merely for the purpose of finding out what facts are relied on as a defense. In this case, even if the court has the power to permit the plaintiff to examine the defendants for the purpose of ascertaining what acts and omissions of the plaintiff defendants rely on as a defense, it does not seem to be necessary that the plaintiff should have such examination at the present time, as the papers submitted on behalf of the defendants on this motion disclose in a general way the acts and omissions of the plaintiff upon which the defendants seem to mainly rely for their defense. Although the said agreement of April 18, 1885, does not provide that the plaintiff shall furnish any capital, the defendants appear to claim that, for some reason, which is not disclosed, the plaintiff was bound to render them pecuniary assistance in carrying out their contracts with the city, but failed to do so. It also appears that, although the contract provided that the work was to be done under the supervision of the defendants, yet the latter claimed that certain services were to be thereafter performed by the plaintiff, which he failed to render. In view of the doubt which I have as to the power of the court to permit the plaintiff to examine the defendants as to matters which relate to their defense only, and of the fact that it does not seem to be necessary for the plaintiff to have such examination, I think that the order for the examination of the defendant Clark should be modified, if the defendants desire, so as to provide that the examination shall not extend to an inquiry as to the acts or omissions of the plaintiff which the defendants rely on to establish that the said agreement of April 18, 1885, never became operative or ceased to exist.

It is objected on behalf of the defendants that the order for the examination of Clark should be vacated, because it was not obtained in good faith. The action is brought upon a written contract, and it is not denied that such contract is signed by defendants. The complaint states a good cause of action, and I see no reason to suppose that the plaintiff is prosecuting this action for any purpose except the legitimate and lawful one of obtaining a judgment against the defendants for money which he claims they owe him. As above stated, I think it is probably indispensable that the plaintiff, in order to prove his case, should have an examination of the defendants before trial, and I think that the order for the examination of Clark was obtained in good faith.

It is also claimed that the order should be vacated because the plaintiff is a fugitive from justice, and resides in the Dominion of Canada. It appears that the plaintiff went to Canada in the early part of the year 1886, and that he was indicted for bribery in the court of general sessions in this city in October or November of that year. The plaintiff denies that he is a fugitive

from justice; but, assuming it to be true that he does not return to the city of New York because he does not wish to be arrested and stand trial on said indictment, I do not think that that fact affords any reason why the order for the examination of Clark should be vacated. The plaintiff is presumed to be innocent until he has been convicted, and he has a right to maintain this action, and to prosecute it in the same manner as though he were not under indictment.

It is also objected on behalf of the defendants that they cannot be required to produce their books before the referee upon the examination of Clark. It is undoubtedly true that under the decisions the plaintiff cannot obtain a discovery and inspection of defendants' books under the order which has been made for the examination of Clark. Such discovery and inspection can only be procured by a separate proceeding taken under sections 803 to 809 of the Code. The defendants can, however, be required, as they already have been, by an order, to produce their books before the referee, not for the purpose of a discovery or inspection, but so that Clark may refer to them on his examination. *McGuffin* v. *Dinsmore*, 4 Abb. N. C. 241; *Morrison* v. *McDonald*, 9 Abb. N. C. 57; *Ahlymeyer* v. *Healy*, 12 N. Y. St. Rep. 677. The motion to vacate the order for the examination of Clark will be denied, with $10 costs, to abide the event, but the order will be modified as above stated, if the defendants so desire. The order upon this motion will be settled on notice.