BROOKS *et al. v.* DINSMORE.

*(Common Pleas of New York City and County, General Term.* December 30, 1889.)

1. DISTRICT COURTS—JURISDICTION—WHO IS A DEFENDANT.

In an action against a person as president of an association, under Laws N. Y. 1849, c. 258, providing that the president of an association may be sued without the necessity of serving all the members, the president is the party defendant, within the meaning of the consolidation act of the city of New York, (Laws 1882, c. 410,) § 1289, which provides that an action of which the district courts of the city of New York have jurisdiction must be brought in the district in which either a plaintiff or a defendant resides.

2. SAME—OBJECTIONS TO JURISDICTION.

When the fact of want of jurisdiction first appears on the second trial, an objection then taken is in time.

Appeal from third district court.

Action by Solomon Brooks and another against William B. Dinsmore, as president of the Adams Express Company. Judgment was rendered for plaintiffs, and defendant appeals.

Argued before VAN HOESEN and BOOKSTAVER, JJ.

*Seward, Da Costa & Guthrie,* for appellant. *Dewitt C. Morrell,* for respondents.

PER CURIAM. The sole question raised on this appeal is whether the court below had jurisdiction of the parties to the action. The plaintiffs commenced their action against William B. Dinsmore, as president of the Adams Express Company. During the pendency of the action, Mr. Dinsmore died, and Mr. John Hoey has been substituted in his place, as president of the company. It appears from the evidence that neither the plaintiffs nor Mr. Dinsmore nor Mr. Hoey resided in the third judicial district when the action was commenced, or now reside there. The consolidation act of the city of New York, (Laws 1882, c. 410,) § 1289, provides that "an action or proceeding of which these courts have jurisdiction must be brought in a court held in a district in which either the plaintiff or defendant, or one of the plaintiffs or one of the defendants, resides," and section 1382 provides: "Judgment that the action be dismissed, with costs, without prejudice to a new action, shall be rendered in the following cases: * * * (3) When it is objected at the trial, and appears by the evidence, that the action is brought in the wrong district." The question therefore is, who is the "party" defendant,—the president or the company? And this has been repeatedly decided to be the president. *Woods* v. *De Figaniere,* 1 Rob. (N. Y.) 607, which is directly upon the point. This was followed in *McGuffin* v. *Dinsmore,* 4 Abb. N. C. 241, in which case, in delivering his opinion, SANFORD, J., says: "The conclusions at which I have arrived after a careful examination of the papers submitted are (1) that William B. Dinsmore is the only 'party' defendant in this action, notwithstanding that he is sued in his representative capacity, as president of an association consisting of numerous individuals." And in *Whitman* v. *Hubbell,* 30 Fed. Rep. 81, Judge WHEELER expresses the same views, and holds that the Adams Express Company is a partnership, and not a corporation. See, also, *Bacon* v. *Dinsmore,* 42 How. Pr. 368. If a partnership, why then, of course, the action must be brought in the district where either the plaintiff or the partners, or at least one of them, resides. In *Westcott* v. *Fargo,* 61 N. Y. 542, on which the respondent relies, there was an intimation that such associations might, for the purposes of suing or being sued, be regarded as a corporation sole. A corporation sole, as we understand it, consists of only one person, to whom and his successors belongs that legal perpetuity the enjoyment of which is denied to all natural persons. 1 Bouv. Law Dict. 319. Such corporations cannot take personal property in succession, (*Terrett* v. *Taylor,* 9 Cranch, 43;) and we do not think that Adams Express Company can in any sense fall within the definition of such a corporation. In speaking of *West-*

*cott .v. Fargo*, Judge BARRETT, in *People* v. *Coleman*, 5 N. Y. Supp. 394, says: "The conclusion that the president was, for the purpose of bringing actions, a corporation sole, does not seem to have been necessary to the decision," with which view we coincide. The fact is, these associations are nothing more than copartnerships; but, as such copartnerships consist of many members, chapter 258, Laws 1849, was enacted, to facilitate the bringing or maintaining of actions without the necessity of serving all the copartners.

We think the third judicial district court had no jurisdiction to entertain the action. We also think that the objection to the jurisdiction was taken in time, although first presented upon the second trial, for then the fact of want of jurisdiction first appeared. *Dean* v. *Cannon*, 1 Daly, 34; *Wallace* v. *Berdell*, 105 N. Y. 7, 11 N. E. Rep. 274. We are therefore constrained to reverse the judgment, with costs.

The question involved in this appeal, so far as we are informed, has never been passed upon by the court of appeals; and, in view of the many cases arising under chapter 258, Laws 1849, and amendments thereof, we deem it important that the question be finally settled. Leave is therefore given to the respondents to appeal to the court of appeals, if they are so advised.