EDUCATIONAL FILMS CORPORATION, Appellant, *v.* LINCOLN & PARKER Co., INC., Defendant, Impleaded with GLOBE INDEMNITY COMPANY, Respondent.

First Department, July 2, 1920.

Depositions — examination of plaintiff corporation before trial — order directing examination of president as adverse party improper.

In an action by a corporation an order for examination before trial is improper where it directs the examination of the president of the plaintiff as the adverse party, and not the plaintiff corporation as an adverse party; the order should direct the examination of the corporation as the adverse party, and then should provide that the information sought be elicited by the examination of certain of its officers.

APPEAL by the plaintiff, Educational Films Corporation, from an order of the Supreme Court, made at the New York Special

Term and entered in the office of the clerk of the county of New York on the 3d·day of May,. 1920, denying the plaintiff's motion to vacate an order for the examination before trial of George A. Skinner, president of the plaintiff company.

*Elkan Turk* of counsel [*Herman Goldman,* attorney], for the appellant.

*Daniel Combs,* for the respondent.

Dowling, J.:

This action is brought to recover damages for breach of a contract for the exclusive right, license and privilege to manufacture, revise, reedit and readapt, from negatives to be loaned by plaintiff to Lincoln & Parker Co., Inc., narrow width and specially perforated films. The defendant Globe Indemnity Company executed a surety bond for the performance of the contract for the period of one year.

The answer of the Globe Indemnity Company contained a general denial and set up two separate and distinct defenses: (1) That Lincoln & Parker Co., Inc., failed to select certain negatives as required by the contract for several months prior to June, 1918, and that other breaches of the contract by said company came to the knowledge of plaintiff prior to June, 1918, and no notice of such breaches was given to defendant until August 15, 1918, and the notice then given was not in accordance with the provisions of the bond; (2) that the bond contained a provision to the effect that no suit could be brought against the surety unless it was instituted within one year from the discovery of the first act or default on the part of Lincoln & Parker Co., Inc., for which a claim might be made against the surety, and that in fact some of the breaches of contract alleged in the complaint occurred more than one year before the action was instituted.

Plaintiff obtained an order for a bill of particulars specifying three different subjects as to which particulars were to be given.

Appellant thereupon applied for, and obtained, an order that "George A. Skinner, President of the above named plaintiff company, be examined as the adverse party herein,"

upon the ground that the testimony of Skinner, the president of plaintiff, and " the books and records of the plaintiff containing any entries in regard to the transactions in connection with the contract which is the subject matter of this action, are material and necessary to enable the said defendant to furnish said bill of particulars." It is also shown that Lincoln & Parker Co., Inc., has gone out of business, and that its books and records could not be located by appellant.

Plaintiff moved to vacate the order for examination, and its motion was denied.

The order for examination before trial was improper and should have been vacated, because it did not direct the examination of the plaintiff corporation as an adverse party, but of Skinner as president. (See Code Civ. Proc. § 872, subd. 7; Id. §§ 870, 873.) In *Jacobs* v. *Mexican Sugar Refining Co., Ltd., No. 2* (112 App. Div. 657) the proper form of such an order was laid down — that it should direct the examination of the corporation as the adverse party and then should provide that the information sought be elicited by the examination of certain of its officers. (See, also, *Shumaker* v. *Doubleday, Page & Co.,* 116 App. Div. 302; *Verdi* v. *Nocenti Co.,* 177 id. 489.)

The order appealed from will be reversed, with ten dollars costs and disbursements, and the motion to vacate granted, with ten dollars costs, with leave, however, to the respondent to make a new motion for the examination of plaintiff before trial, upon proper papers and upon payment of said costs.

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to defendant to renew motion for examination of plaintiff before trial upon proper papers and on payment of said costs.