Louis Rittenberg, Isaac Rittenberg, Joseph Rittenberg and Newman Rittenberg, Composing the Firm of and Transacting Business under the Firm Name and Style of Rittenberg Brothers, Plaintiffs, *v.* William M. Barrett, as President of the Adams Express Company, Defendant.

(City Court of the City of New York, Special Term, January, 1921.)

Depositions — when motion to vacate order for examination before trial denied — express companies — joint stock associations — parties — Code Civ. Pro. §§ 870, 872.

Where the defendant in an action brought against him as president of an express company, which, by not denying in his verified answer he admits is a joint stock association of which he is the president, and the moving affidavit upon which an order for his examination before trial as president of the express company " or any other officer " of the company, clearly sets forth such facts and circumstances as show the materiality and necessity of the testimony sought, a motion to vacate the order will be denied but the order will be modified to the extent of striking out the words " or any other officer."

City Court of New York, January, 1921. [Vol. 114.

The defendant, as president, and not the express company, was the "party to the action" within the meaning of sections 870 and 872 of the Code of Civil Procedure.

Motion to vacate an order for examination before trial.

Stockton & Stockton, for motion.

Olcott, Bonynge, McManus & Ernst, in opposition.

Callahan, J. This action is brought by plaintiff against "William B. Barrett, as president of the Adams Express Company." The defendant, by not denying, admits that the Adams Express Company is a joint stock corporation of which the defendant is the president. Plaintiff has secured an order for the examination before trial of "William M. Barrett, as president of the Adams Express Company, the defendant herein," or any other officer of said Adams Express Company, respecting certain matters alleged to be necessary and material for plaintiff to prove upon trial. Defendant moves to vacate this order upon several grounds, to wit: (1) That the affidavit upon which the order is based is insufficient; (2) that the order for the examination of "William M. Barrett, as president of the Adams Express Company," is unauthorized by the Code, and (3) that the direction for the examination of "any other officer" is improper. The first objection is, in my opinion, without merit, as the affidavit clearly sets forth such facts and circumstances as show the materiality and necessity of the testimony sought to be elicited. As to the second ground urged the defendant contends that "William M. Barrett, as president of Adams Express Company," is not an adverse party within the mean-

ing of sections 870 and 872 of the Code of Civil Procedure, and, therefore, as the order is directed to him as such president and does not direct the examination of the joint stock corporation by one of its officers, the same is without authority of law and must be vacated. It is true that in cases where a corporation is party defendant the order should direct the examination of the corporation as the adverse party and then provide that the information sought be elicited by the examination of its officers (*Educational Films Corp.* v. *Lincoln & P. Co., Inc.*, 192 App. Div. 621, and cases cited), and the defendant claims that by analogy the same rule is applicable in the case of a joint stock corporation upon the theory that the association and not the officer against whom the suit is brought is the party to the action within the meaning of the Code sections above cited. In view of this contention it is incumbent upon the court to determine what is meant by the words " party to an action " as contained in section 870 of the Code, and whether in the instant case the association or the officer sued representing it is such party. In *Woods* v. *De Figaniere*, 1 Robt. 607, 610, the defendant, as in this case, was sued in his representative capacity as president of a joint stock corporation. There, also, as here, the answer was verified by him as such defendant. The court in holding that the president of the company was the party defendant, and as such might be required to submit to examination before trial, said: " What does the Code here mean by the words, ' a party to an action ' ? Clearly it means any and every person, who, throughout its provisions, is described as a party to an action. A party to an action is one who is named as plaintiff or defendant, and appears on the record as such, and no other is meant. The title ' parties to civil actions ' prescribes who may sue as plain-

tiffs and who may be sued as defendants. By section 134, the summons is to be served on the defendant personally, except when served on a corporation, or a minor under the age of fourteen years, or the person named in subdivision three of that section. Pleadings, when verified, must be verified by the *party,* except in the case of a corporation, or where they are verified by an agent on a sufficient excuse being shown therefor. * * * All the provisions of the Code, as a general rule, when treating of parties to the action, mean only the parties to the record, whether nominal parties, or the actual parties in interest. And when a plaintiff or defendant is but a mere nominal party, and has no interest in the event, and his property cannot be touched by the judgment, he alone is included in the description of a party to the action; and the person for whose immediate benefit the suit is prosecuted or defended is not included in the description. * * * De Figaniere is the only party defendant in this action. He is the nominal party and is so named in the statute by force of which he is sued. He is as much a party as an executor, or any other party named in section 375 of the Code. They have no actual interest in the result, and their property cannot be touched on a judgment against them, not even for the costs of the action, unless charged with them personally for mismanagement or bad faith. * * * The joint stock company is not a party to the action: it is not a legal entity, and as such cannot sue or be sued. The individual associates, as such, are not the parties. The action is defended for the immediate benefit of the joint stock company, but that is not a party, and cannot be made one. It has no capacity to sue or be sued, as such, and therefore cannot appear on the record as a party. De Figaniere is the nominal party defend-

ant, and the only person named as a party defendant; and to claim immunity from the statute compelling a party to submit to be examined, he must show that some parties, when nominal parties only, are exempt, and that he comes within the class of exempt parties. This has not been shown. On the contrary, the Code includes all parties to the action, whether nominal or the actual parties in interest; and he is, therefore, liable to be examined the same as any other party." The reasoning in the above case is approved by the Court of Appeals in *People* v. *Mutual Gas Light Co.,* 74 N. Y. 434, 436, where it is said: "Upon the construction of a similar provision of the former Code the New York Superior Court, after an elaborate and careful examination of the question in *Woods* v. *De Figaniere,* 1 Robt. 610, arrived at the same conclusion upon reasoning which meets our approval." In *McGuffin* v. *Dinsmore,* 4 Abb. N. C. 241, the court, upholding the right of plaintiff to an order for the examination of William B. Dinsmore as president of the Adams Express Company, a joint stock corporation, before trial, said: "William B. Dinsmore is the only 'party' defendant in this action, notwithstanding that he is sued in his representative capacity as president of an association consisting of numerous individuals (*Wood* v. *De Figaniere,* 1 Robt. 607). * * * I am of opinion that neither the Adams Express Company by its officers, nor its individual members, other than such one or more of them as are or may be made parties to the record, can be examined as parties before trial, under section 870. The plaintiff was not obliged to avail himself of the privilege accorded to him by the statute of 1849, of suing the association in the name of its president. He might have proceeded at his option, in the first instance, against the persons constituting such association, by

making them parties to the record, in which case each and all of them would have been liable to examination. * * * The association is not a corporation and cannot be examined in this suit as a party by its officers, or otherwise than through the particular individual who, by virtue of the statute and for the purposes of action represents it, as the party of record. Its officers, other than such individual, can only be examined as witnesses in the same manner as if they sustained no official relation to it.'' In *Brooks* v. *Dinsmore,* 15 Daly, 428, the court, on appeal, held that, pursuant to the provisions of the Consolidation Act requiring actions in the District Court to be brought in the district in which either the plaintiff or defendant resides, an action brought against a joint stock association in the name of its president must be brought in the district in which either the plaintiff or such president resides, the court holding that such president is the only party defendant. So also, in an action brought in this state by the president of a joint stock association in his own name as such president (he being a citizen of this state), it has been held that, so far as determining whether the action should be removed to the United States Circuit Court by reason of diversity of residence of the respective parties to the suit, the citizenship of plaintiff is governed by the citizenship of the person suing. *Fargo* v. *McVicker,* 55 Barb. 437. In a similar case (*Bacon* v. *Dinsmore,* 42 How. Pr. 368) the court, in granting defendant's application for a change of venue, said: '' The defendant has a legal right to have the place of trial changed to New York, if the persons named as plaintiff and defendant are the parties to the action. * * * We think they are parties. The associations which they represent, clearly are not nor could they be made parties, inasmuch as they have no legal capacity to

sue, or to be sued." I have been able to find but one case opposed to the views above expressed. *Duncan* v. *Jones,* 32 Hun, 12. This was an action against George Jones as treasurer of the association publishing the New York *Times,* a joint stock association. The action was for libel and the answer denied the material allegations of the complaint, admitting only that there is " an association publishing the New York *Times.*" The facts as to which defendant was to be examined under the order were as follows: (1) The existence of the joint stock association; (2) that it consisted of more than seven members, and (3) that the defendant is its treasurer. The court below vacated the order upon the ground that, it being an action in libel, the defendant could not be required to testify to any facts essential to sustain an indictment against him and his associates, and that the composition of such association was such a fact. Upon appeal the court questioned whether an action for libel could be brought against the treasurer under section 1919 of the Code, but left this matter for determination at Trial Term, and held that notwithstanding the fact that the action was brought pursuant to the provisions of such section, such officer is not necessarily a member of the association or partnership; that no judgment goes against him personally; that he cannot be arrested and no execution can be issued against his property or person, but that the same goes against the personal property of the association only, and for this reason such officer was not the party to the action in the technical sense required by section 870. Notwithstanding the holding in the case last above cited, I believe the prevailing rule of construction in this jurisdiction is that the officer and not the association is the party within the meaning of sections 870 and 872 of the Code, and as this construction, in my opinion, is best supported

by reasoning, analogy and convenience, I am inclined to follow same. It is conceded that the words " or any other officer " have no place in the order, and hence the same will be modified to the extent of striking them out. Motion to vacate denied, with $10 costs, but order modified as indicated.

Ordered accordingly.